UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JEROME PERRY,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH KELLY, et al.,<br><br>    Defendants. | Case No. 16-cv-06099-KAW   (PR)<br><br>**ORDER SERVING COGNIZABLE CLAIM; DISMISSING NON-COGNIZABLE CLAIMS** |

Plaintiff Maurice Jerome Perry, a state prisoner incarcerated at the Elmwood Correctional Facility in Milpitas, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by Berkeley Police Officers Joseph Kelly (#1) and Lathrop (#55), the City and County of Alameda and the Berkeley Police Department. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

## DISCUSSION

### I. Preliminary Review of Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

**II. Plaintiff's Claim**

In his complaint, Plaintiff alleges the following:

On February 6, 2015, Berkeley Police Officers Kelly and Lathrop were escorting Plaintiff from the Santa Rita County Jail to the Valley Care Medical Center. In the parking lot of the Santa Rita County Jail, Officers Kelly and Lathrop dragged Plaintiff by his thumb to the police car and assaulted him. When they arrived at the Medical Center, the officers dragged Plaintiff to the emergency room where he was diagnosed with a fractured left thumb, neck sprain and other physical bruises. These officers were not trained properly by the Berkeley Police Department and "they represent the City and County of Alameda."

Liberally construed, these allegations appear to give rise to a cognizable Fourth Amendment claim for excessive force against Officers Kelly and Lathrop. However, even liberally construed, the allegations do not give rise to an excessive force claim against the Berkeley Police Department or the City and County of Alameda.

Local governments and police departments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Shaw v. Cal. Dep't of*

*Alcoholic Beverage Control*, 788 F.2d 600, 604-05 & n.1 (9th Cir. 1986); *Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001). However, a municipality or police department may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Proof of random acts or isolated incidents of unconstitutional action by non-policymaking employees are insufficient to establish the existence of a municipal policy or custom. *Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014).

The conclusory allegation that the Berkeley Police Department did not properly train its officers is insufficient to state a *Monell* claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (conclusory allegations which are nothing more than a formulaic recitation of the elements of a claim are not entitled to the assumption of truth and are insufficient to state a claim). Therefore, Plaintiff has not alleged sufficient facts to state a municipal liability claim against the Berkeley Police Department[1]; the claim is dismissed with leave to amend to allege a cognizable *Monell* claim.

Plaintiff incorrectly names the City and County of Alameda as a defendant. The City and County of Alameda cannot be liable based on the acts of the individual defendants because they work for the City of Berkeley, not for the City or County of Alameda. The City of Berkeley and the County of Alameda are separate public entities. Therefore, all claims alleged against the City and County of Alameda are dismissed with prejudice. Accordingly, any amendment of the *Monell*

---

[1] A claim against the Berkeley Police Department, a political subdivision of the City of Berkeley, is more properly alleged as a claim against the City of Berkeley.

claim should be alleged against the City of Berkeley only.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The claims alleged against the City and County of Alameda are dismissed with prejudice. The clerk of the court shall terminate them as defendants on the docket.

2. The *Monell* claim against the Berkeley Police Department is dismissed with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within twenty-eight (28) days of the date this Order is filed and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the specified time period will result in this claim being dismissed with prejudice.

3. The allegations, liberally construed, appear to give rise to a Fourth Amendment excessive force claim against Berkeley Police Officers Kelly and Lathrop. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Berkeley Police Officer Joseph Kelly (#1) and Berkeley Police Officer Lathrop (#55).</u> This form can also be found at www.cand.uscourts.gov/civilforms. The Clerk shall also mail a copy of the complaint and a copy of this Order to the Berkeley City Attorney's Office in Berkeley, and a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendants had been served on the date that the

4

waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before sixty days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

5. Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

6. The following briefing schedule shall govern dispositive motions in this action:

a. No later than thirty days from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice

should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

The same evidentiary requirement applies if the defendants file a motion for summary judgment for failure to exhaust administrative remedies. To oppose this motion, Plaintiff must present any evidence he may have which tends to show that he did exhaust administrative remedies or was excused from doing so. Again, the evidence may be in the form of declarations, that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of

documents accompanied by a declaration showing where they came from and why they are authentic, or discovery documents such as answers to interrogatories or depositions. In considering a summary judgment motion for failure to exhaust administrative remedies, the Court can decide disputed issues of fact with regard to this portion of the case. *See generally Albino*, 747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

　　　　c. Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

　　　　d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

　　7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

　　8. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

　　9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>three</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED**.

Dated: December 19, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge